United States District Court

For the Northern District of California

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   UNITED STATES OF AMERICA,               Nos. C 13-4105; C 13-4106 MMC

11              Petitioner,                    **ORDER DENYING MOTION TO**
                                               **DISMISS; GRANTING IN PART AND**
12      v.                                     **DENYING IN PART PETITIONS TO**
                                               **ENFORCE INTERNAL REVENUE**
13   CLARO TAGLE,                              **SERVICE SUMMONS; DIRECTIONS TO**
                                               **PETITIONER**
14              Respondent.
                                          /
15   UNITED STATES OF AMERICA,

16              Petitioner,

17      v.

     KATHLEEN TAGLE,
18
                Respondent.
19                                        /

20        Before the Court are two Verified Petitions to Enforce Internal Revenue Service

21   Summons, both filed September 4, 2013, by which petitioner seeks an order compelling

22   respondents Claro and Kathleen Tagle to appear and testify at an interview conducted by

23   the Internal Revenue Service, and to produce at said interview documents related to

24   respondents' 2007 and 2008 income tax returns.  Respondents have filed answers as well

25   as motions to dismiss the petitions.  Petitioner has filed opposition to respondents' motions,

26   and respondents have replied.  The matter came on regularly for hearing on January 24,

27   2014.  Cynthia Stier of the United States Attorney's Office appeared on behalf of petitioner.

28   Martin A. Schainbaum and Andrew D. Allen of Martin A. Schainbaum, A Professional

1 Corporation, appeared on behalf of respondents.  Thereafter, on January 29, 2014 and

2 February 7, 2014, respectively, petitioner and respondents, with leave of court, filed

3 supplemental briefing.

4      The Court, having considered the parties' respective written submissions, and the

5 arguments of counsel at the hearing, rules as follows.

6      For the reasons stated on the record at the hearing, the Court finds respondents

7 have failed to show the summonses constitute a prohibited second examination pursuant to

8 26 U.S.C. § 7605(b) (see Opp'n 7:15-8:3; 9:10-23), nor have they shown the summonses

9 were issued for an improper purpose or that petitioner has acted in bad faith (see Opp'n

10 5:4-12; 5:27-6:10).  Accordingly, the Court finds the proposed summonses are valid, and

11 respondents' motions to dismiss will be denied.

12      Respondents argue that, even if the summonses are valid, enforcement thereof

13 would violate their Fifth Amendment privilege against self-incrimination.  When "information

14 sought in an IRS summons might be used to establish criminal liability," a claim of Fifth

15 Amendment privilege may be asserted "if there are substantial hazards of self-incrimination

16 that are real and appreciable, not merely imaginary and unsubstantial."  United States v.

17 Bright, 596 F.3d 683, 690-91 (9th Cir. 2010) (internal quotations omitted).  The privilege is

18 applicable both to oral questioning and requests for documents.  Id. at 691.

19      Where information is sought by way of oral testimony, the witness "must have

20 reasonable cause to apprehend (such) danger from a direct answer to questions posed to

21 him."  See United States v. Neff, 615 F.2d 1235, 1239 (9th Cir. 1980) (internal quotation

22 and citation omitted).  Because "[a]n unscripted interview is undefined," however, "a court

23 cannot make a reasoned assessment of privilege before particular questions have been

24 posed."  See Bright, 596 F.3d at 691; see also Neff, 615 F.2d at 1239-40 (noting court, in

25 determining whether real and appreciable danger exists, "must examine the implications of

26 the questions in the setting in which they are asked") (internal quotation, citation, and

27 alterations omitted).

28

1     Accordingly, with respect to oral testimony, the petitions will be granted, and

2  respondents may, as petitioner acknowledges, invoke their Fifth Amendment privilege in

3  response to specific questions posed at the interview.

4     By contrast, where information is sought by way of a document request, an

5  individual "may refuse to provide documents to an investigative body if the act of production

6  would [itself] be testimonial" and incriminating, see Bright, 596 F.3d at 691, because

7  "[c]ompliance with the subpoena tacitly concedes the existence of the papers demanded

8  and their possession or control by the taxpayer," see id. at 692 (internal quotation and

9  citation omitted).  Here, respondents have made a sufficient showing of the existence of a

10  "real and appreciable" risk of self-incrimination if they are required to produce the

11  documents requested.  See Bright, 596 F.3d at 690.  Petitioner, on August 22, 2013,

12  advised respondents it was imposing a civil fraud penalty against them in connection with

13  respondents' underpayment of taxes for the tax years in question.  (See Schainbaum Decl.

14  in Support of Answer Ex. 1 at 10.)  Civil fraud and criminal fraud share essentially the same

15  elements.  See Akland v. C.I.R., 767 F.2d 618, 621 (9th Cir. 1985) (noting distinction

16  between civil and criminal fraud pertains to standard of proof).  Moreover, in the course of a

17  2010 conversation with a revenue agent, respondents had informed the IRS that all their

18  documents had been destroyed in a flood.  (See Schainbaum Decl. in Support of Answer

19  Ex. 1 at 66.)

20     Under such circumstances, the burden then shifts to the government to show the

21  Fifth Amendment nonetheless is not implicated.  See In re Grand Jury Subpoena, 383 F.3d

22  905, 910 (9th Cir. 2004).  In particular, where "the existence and location of the [subject]

23  papers are a foregone conclusion and the taxpayer adds little or nothing to the sum total of

24  the [g]overnment's information by conceding that he in fact has the papers," enforcement of

25  the summons "does not touch upon constitutional rights," see Bright, 596 F.3d at 692

26  (internal quotation, citation, and alteration omitted), the question becoming one "not of

27  testimony but of surrender," In re Grand Jury Subpoena, 383 F.3d at 910 (internal quotation

28

3

1   and citation omitted).  To make a sufficient showing that the "foregone conclusion

2   exception" applies, "the government must establish its independent knowledge of three

3   elements: the documents' existence, the documents' authenticity and respondent's

4   possession or control of the documents."  See Bright, 596 F.3d at 692.  Here, although

5   petitioner was afforded an opportunity to file a post-hearing brief for the purpose of making

6   the requisite showing, petitioner's post-hearing filing does not address the issue for which

7   such leave was granted.[1]

8           Accordingly, with respect to the production of documents, the petitions will be

9   denied.

10                                          **CONCLUSION**

11          For the reasons stated,

12          1.  Respondents' Motions to Dismiss Petitioner's Petition to Enforce Internal

13   Revenue Summons are hereby DENIED.

14          2.  Petitioner's Petitions to Enforce Internal Revenue Summons are hereby

15   GRANTED in part and DENIED in part as set forth above.

16          3.  Petitioner is hereby DIRECTED to submit a proposed order setting forth the date,

17   time, and place respondents are to appear and give testimony relating to the matters

18   described in the subject Internal Revenue Service summonses.

19          **IT IS SO ORDERED.**

20
21   Dated: April 18, 2014

MAXINE M. CHESNEY
United States District Judge

22
23
24
25   _____

26          [1] Instead, petitioner focuses therein on the showing a taxpayer is required to make to demonstrate he/she is not in possession of the requested documents.  Although, as noted, respondents at an earlier time stated they no longer had such documents in their possession, respondents have not raised non-possession as a defense to the instant summonses.

27
28

4